UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00991-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, YALE HEALTH | : |
| | : |
| DEFENDANTS | : |
| | : AUGUST 24, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The defendants, Yale University and Yale Health,[1] have moved to dismiss the plaintiff's complaint for insufficient service of process because the plaintiff's attempt to serve the defendants via certified mail does not comply with Rule 4 of the Federal Rules of Civil Procedure. This memorandum of law supports that motion.

**I.      Procedural Background**

In a complaint dated July 15, 2020, the *pro se* plaintiff asserts claims of fraud and violation of the Connecticut Unfair Trade Practices Act in connection with the alleged disclosure of his medical records to defense counsel in Madej v. Yale University, 3:20-cv-00133-JCH, after the plaintiff placed his medical treatment at issue in that action. In an affidavit dated August 3, 2020, the plaintiff states: "On August 3, 2020, I served Yale University and Yale Health by delivering true copies of the summons and complaint to Yale University Office of the General Counsel, located at 2 Whitney Ave, New Haven, CT 06510, via U.S. certified mail, return receipt requested." (Docket Entry No. 11, ¶ 4.) He attached, as proof of delivery, a letter from the United

---

[1] It should be noted that Yale Health is part of Yale University; it is not a separate entity. See, Exhibit A attached hereto.

States Postal Service to the plaintiff stating that the item was delivered and left with an individual at New Haven, CT 06510 at 1:14 p.m. on August 3, 2020. The letter does not provide the specific address at which delivery was made. (Docket Entry No. 11, p. 3.)

Defense counsel learned of the plaintiff's complaint while accessing PACER in connection with Madej v. Yale University, 3:20-cv-00133-JCH. Defense counsel then contacted the plaintiff to inform him that he had not properly served the defendants. Defense counsel offered to waive service, but the plaintiff refused.[2]

## II. Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (Internal quotations omitted.) Dynegy Midstream Servs. V. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006). "[D]espite the liberal construction of Rule 4 and the latitude to be given to pro se plaintiffs, noncompliance with Rule 4 generally warrants dismissal." Cole v. Traveler's Ins. Co., 2000 U.S. Dist. LEXIS 22211 *3 (D.Conn. March 22, 2000) (Droney, J.), citing McGann v. New York, 77 F.3d 672, 674 (2d Cir. 1996); Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972.) "[T]he plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010).

## III. Argument

### A. The Plaintiff is Not Authorized to Serve Process Under Either Federal or State Law.

Rule 4(c)(2) provides: "Any person who is at least 18 years old and not a party may serve a summons and complaint." The plaintiff's Affidavit of Service states that the plaintiff himself attempted to serve the defendants. Since the plaintiff is a party to this action, he is not authorized

---

[2] A copy of the August 23, 2020 e-mail correspondence is attached hereto as Exhibit B.

2

to serve the summons and complaint under federal law.  See, Burmaster v. Pfizer Inc., 2018 U.S. Dist. LEXIS 69104 *20-21 (W.D.N.Y. April 23, 2018), *adopted*, 2018 U.S. Dist. LEXIS 188431 (W.D.N.Y. November 2, 2018) ("A party, even one proceeding pro se, cannot serve his own process, *Fed. R. Civ. P. 4(c)(2)*."); Rodriguez v. Lahar, 2016 U.S. Dist. LEXIS 131548 (S.D.N.Y. September 26, 2016) (dismissing complaint pursuant to Rule 12(b)(5) because *pro se* plaintiff's attempts to serve the defendant himself were in violation of Rule 4(c)(2) and 4(e)(1)).

The same is true under Connecticut law: "All process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person."[3]  Conn. Gen. Stat. § 52-50(a).  In Howard v. Albertus Magnus College, 2003 Conn.Super. LEXIS 1869 *3 (July 2, 2003), Albertus Magnus College moved to dismiss the *pro se* plaintiff's complaint for lack of personal jurisdiction because service of process was not made by a marshal or other proper officer as required by Conn. Gen. Stat. § 52-50.  In support of its motion to dismiss, the defendant submitted a copy of the certified mail envelope sent by the plaintiff and addressed to the college president.  The court noted that Conn. Gen. Stat. § 52-50 had no provision for service by certified mail, and process had not been directed to a state marshal, constable, or other proper officer.  Consequently, the court dismissed the plaintiff's complaint for lack of personal jurisdiction.

Since the plaintiff attempted to serve the defendants himself, and neither federal law nor state law permit a party to serve process, service of the complaint in this action was improper.  Therefore, the Court lacks personal jurisdiction over the defendants and the complaint should be

---

[3] Subsection (b) provides in pertinent part: "Process shall not be directed to an indifferent person unless more defendants than one are named in the process and are described to reside in different counties in the state, or unless, in case of a writ of attachment, the plaintiff or one of the plaintiffs, or his or their agent or attorney, makes oath before the authority signing the writ that the affiant truly believes the plaintiff is in danger of losing his debt or demand unless an indifferent person is deputed for the immediate service of the writ or other process."  This section is inapplicable to this case.

3

dismissed.

### B. The Plaintiff Failed to Comply with Rule 4(h)(1).

Rule 4(h)(1) of the Federal Rules of Civil Procedure governs the service of a corporation in a judicial district of the United States and provides that a corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Since the plaintiff did not serve the defendants in compliance with either Rule 4(h)(1)(A) or (B), the Court lacks jurisdiction and the plaintiff's complaint should be dismissed.

#### 1. The plaintiff failed to effect service under Connecticut law.

Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the sate where the district court is located or where service is made." Conn. Gen. Stat. § 52-54 provides: "The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left." Conn. Gen. Stat. § 52-57 states: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at

the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." The plaintiff's attempt to serve the defendants via certified mail does not comply with these statutes.

In Cole v. Travelers Ins. Co., 2000 U.S. Dist. LEXIS 22211 *4 (D.Conn. March 22, 2000) (Droney, J.), the *pro se* plaintiff claimed that he properly served the defendants by sending copies of the summons and complaint to them via certified mail with return receipt requested. The district court concluded that the plaintiff's failure to serve the defendants' officers or agents personally, or to include waiver of service forms with the copies of the summons and complaint that he mailed to the defendants, was fatal to the plaintiff's attempted service pursuant to Rule 4(h). Consequently, the district court lacked jurisdiction. Id. at *4-6. See also, O'Hara v. MortgageIT, Inc., 2019 U.S. Dist. LEXIS 162967 *23-24 (D.Conn. September 24, 2019) (Shea, J.) (mailing process to business locations of corporate defendants was improper service under federal and state law); Yalincak v. Sherman, 2007 U.S. Dist. LEXIS 76989 *3 (D.Conn. October 17, 2007) (Nevas, J.) ("Under both the federal rules and Connecticut statute, neither an individual nor a corporation may be served by certified mail or by personal service at the individual's place of business or the business's headquarters. *Fed. R. Civ. P. 4(e) & 4(h)*; *Conn. Gen. Stat. § 52-57*."); Howard v. Albertus Magnus College, 2003 Conn.Super. LEXIS 1869 *3 (July 2, 2003) ("Section 52-50 has no provision for service by certified mail.")

Since Connecticut law does not permit service by certified mail, the Court lacks jurisdiction and the plaintiff's complaint should be dismissed.

    2.    <u>The plaintiff failed to effect service under Rule 4(h)(1)(B).</u>

Rule 4(h)(1)(B) provides that service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

5

appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." "A plain reading of Rule 4 establishes that service by certified mail is not an approved method for service of process under federal law…." Morris v. N.Y. Gaming Comm'n, 2019 U.S. Dist. LEXIS *7 (W.D.N.Y. March 14, 2019), *adopted*, 2019 U.S. Dist. LEXIS 96848 (W.D.N.Y. June 10, 2019).  Since the plaintiff attempted to serve the defendants by certified mail, service is improper and the Court lacks personal jurisdiction.

In Morris, the *pro se* plaintiff attempted to serve each defendant by certified mail.  The defendant moved to dismiss, arguing that service by certified mail was not sufficient under either federal or New York law.  Id. at *5.  Since service by certified mail was not an approved method for service of process under federal law, the magistrate judge recommended that the motion to dismiss be granted for insufficient service of process, which recommendation was thereafter adopted.  Id. at *7-8; Morris v. N.Y. Gaming Comm'n, 2019 U.S. Dist. LEXIS 96848 (W.D.N.Y. June 10, 2019).

Similarly, in Jordan v. Forfeiture Support Assocs., 928 F.Supp.2d 595, 594 (E.D.N.Y. March 5, 2013), the *pro se* plaintiff served the defendant with the summons and complaint via certified mail.  To support her argument that she had properly served the defendant, the plaintiff submitted postal receipts verifying that she sent certain unidentified documents to the defendant's office in Virginia via certified mail.  Ruling on the defendant's motion to dismiss, the court observed: "[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process."  Id. at 595.  Accordingly, the court found that the plaintiff's attempts to serve the defendant via certified mail was insufficient.  Id. at 596.  See also, Terrell v. NBC Universal Media, LLC, 2019 U.S. Dist. LEXIS 118566 (E.D.N.Y. July 16, 2019) (Internal

6

quotations omitted) (dismissing complaint because "[s]ervice of a summons and complaint on a corporation by certified mail does not satisfy the requirements of Rule 4(h)(1)…")

The present plaintiff's attempt to serve the defendants via certified mail is improper under Rule 4(h)(1)(B).  Therefore, the Court lacks jurisdiction and the plaintiff's complaint should be dismissed.

**IV.    Conclusion**

By attempting to serve the defendants himself via certified mail, the plaintiff has failed to comply with Rule 4 of the Federal Rules of Civil Procedure.  Therefore, the plaintiff's complaint should be dismissed for lack of personal jurisdiction due to improper service of process.

                    THE DEFENDANTS,

                    YALE UNIVERSITY AND YALE HEALTH

            By:_____/s/_____
                    PATRICK M. NOONAN – CT00189
                    COLLEEN NOONAN DAVIS – CT27773
                    DONAHUE, DURHAM & NOONAN, P.C.
                    Concept Park
                    741 Boston Post Road, Suite 306
                    Guilford, CT  06437
                    Telephone:  (203) 458-9168
                    Fax:  (203) 458-4424
                    Email:  pnoonan@ddnctlaw.com

**CERTIFICATION**

       I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                                    _____/s/_____
                                                                                    Patrick M. Noonan