UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| | : CIVIL ACTION NO. |
| PLAINTIFF | : 3:20-cv-00991-JCH |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, YALE HEALTH | : |
| | : |
| DEFENDANTS | : |
| | : SEPTEMBER 15, 2020 |

**DEFENDANTS' OBJECTION TO MOTION FOR EXPEDITED DISCOVERY AND ENTRY OF PROTECTIVE ORDER**

The defendants hereby object to the plaintiff's motion for expedited discovery and for the entry of a protective order.

**I.     Procedural Background**

The plaintiff's claims in this action are based on the disclosure of his medical records to defense counsel in Madej v. Yale University, et al, 3:20-cv-00133-JCH, after the plaintiff placed his medical treatment at issue by moving for a temporary restraining order.[1]  On March 4, 2020, the plaintiff filed a motion for *ex parte* temporary restraining order in Madej v. Yale University, 3:20-cv-00133, seeking an order enjoining Yale University from denying him a prescription for medication.  In that motion and the attached affidavit, the plaintiff made representations regarding the medical treatment he received from Yale Health in order to convince the Court to order the defendant to provide the plaintiff with a prescription.  See, Madej v. Yale University, 3:20-cv-00133, ECF No. 28.  Since the plaintiff had placed his medical treatment at issue by filing the

---

[1] Attached hereto are two affidavits and a declaration reflecting the sequence of events that led to the disclosure of the plaintiff's medical records from Yale Health to defense counsel.  Since there is currently no staff physically present at Yale University's Office of the General Counsel, Dr. Hoffman was unable to have his declaration notarized.

motion for temporary restraining order, Patrick M. Noonan, Esq., as counsel for the defendants, asked Caroline Hendel, Esq., an attorney in the Office of the General Counsel at Yale University, to obtain a copy of the plaintiff's medical records from Yale Health. Attorney Hendel contacted Paul Hoffman, PhD, the Chief of Mental Health and Counseling at Yale Health, who thereafter provided Attorney Noonan with the requested medical records. On March 5, 2020, Attorney Noonan filed the Defendants' Brief in Opposition to Plaintiff's Application for Temporary Restraining Order under seal. See, Madej v. Yale University, 3:20-cv-00133, ECF No. 32. Attached to that brief was an affidavit from one of the Yale Health medical providers who treated the plaintiff and the copy of the plaintiff's medical records from Yale Health that Dr. Hoffman provided to Attorney Noonan. See, Id. On March 5, 2020, Attorney Noonan asked Colleen Noonan Davis, Esq., an associate employed at Attorney Noonan's law firm, to e-mail the Defendants' Brief in Opposition to Plaintiff's Application for Temporary Restraining Order, the affidavit of the medical provider, and the plaintiff's medical records to the Court and the plaintiff prior to the telephonic hearing addressing the plaintiff's motion for *ex parte* restraining order that was scheduled to occur that afternoon. Attorney Davis sent the aforementioned documents to the Court and the plaintiff as requested by Attorney Noonan.

Contrary to the plaintiff's representations, the plaintiff's medical records from Yale Health were not accessed or submitted to the Court "to intimidate Plaintiff into withdrawing his allegations against the defendant in a co-pending case." (ECF No. 19, p. 3.) Rather, they were only accessed after the plaintiff placed his medical treatment at issue in his motion for temporary restraining order and submitted to the Court for the narrow purpose of opposing the plaintiff's motion for a temporary restraining order.

The plaintiff now seeks an order permitting him to conduct expedited discovery to "identify and join the individual defendants" and for a protective order "to preserve already scant evidence from accidental or intentional disposition before discovery." (ECF NO. 19, p. 1.)  For the reasons explained herein, both forms of relief should be denied.

**II.     Argument**[2]

The plaintiff first argues that he requires expedited discovery to determine the identities of the Doe defendants.  Expedited discovery is not needed on this point because the defendants have identified in this filing and the attached affidavits and declaration all of the individuals who either requested or provided the plaintiff's medical records from Yale Health in connection with the defendants' opposition to the plaintiff's motion for temporary restraining order filed in Madej v. Yale University, 3:20-cv-00133.[3]  The plaintiff also seeks to depose Attorney Colleen Davis "to learn how Ms. Davis accessed his psychiatric information, as well as who and how requested, accessed, and disclosed his records without his consent."  (ECF No. 19, p. 5.)  Since this information is detailed in the affidavits and declaration attached hereto, there is no need to subpoena Attorney Davis for a deposition.[4]  Moreover, Attorney Davis was not involved in the request for the plaintiff's medical records from Yale Health; she only forwarded the records to the Court and the plaintiff at Attorney Noonan's direction.  (Affidavit of Colleen Noonan Davis, Esq.,

---

[2] The defendants will not address all of the allegations from the complaint that are detailed in the "Factual Background" section.  Rather, the defendants will only address the statements that are relevant to the plaintiff's motion for expedited discovery and protective order.

[3] Significantly, without conducting expedited discovery, the plaintiff has already filed an Amended Complaint in this action naming two of the individuals, Caroline Hendel, Esq. and Patrick M. Noonan, Esq., as additional defendants. See, ECF No. 16.

[4] The subpoena attached to the plaintiff's motion is not signed by the clerk of the court or an attorney, and therefore is not valid.  See, ECF No. 19-1, p. 5; FRCP 45(a)(3).  For that reason, the defendants have not simultaneously filed a motion to quash the subpoena.  If the plaintiff issues a signed subpoena compelling Attorney Davis to appear at a deposition, the defendants will file a motion to quash.

¶¶ 8-10.) Therefore, a deposition of Attorney Davis will not lead to the discovery of the information sought by the plaintiff. It should be noted that, while the plaintiff feigns ignorance of Attorney Davis' identity, the signature line in her e-mails to the plaintiff identifies her as an attorney at Donahue, Durham & Noonan, P.C., the law firm representing the defendants in <u>Madej v. Yale University</u>, 3:20-cv-00133. <u>See</u>, Exhibit A to Affidavit of Colleen Davis. Significantly, the March 5, 2020 e-mail enclosing the plaintiff's medical records was not the first contact Attorney Davis had with the plaintiff. In fact, Attorney Davis and the plaintiff exchanged several e-mails regarding <u>Madej v. Yale University</u>, 3:20-cv-00133, prior to Attorney Davis providing the Court and the plaintiff with the plaintiff's medical records.[5] Moreover, Attorney Davis' name has been on numerous briefs filed on behalf of the defendants in <u>Madej v. Yale University</u>, 3:20-cv-00133. The plaintiff is certainly aware that Attorney Davis is an attorney employed by Donahue, Durham, & Noonan, P.C. and that she provided the medical records to the Court and the plaintiff in that capacity.

The plaintiff also argues that expedited discovery is necessary because "Yale has already demonstrated an intent to stonewall" by filing a motion to dismiss. (ECF No. 19, p. 10.) The defendants are entitled to move to dismiss the plaintiff's complaint as provided in Rule 12(b)(6). Filing a motion in accordance with the Rules of Civil Procedure cannot be considered a delay tactic, especially when that motion was filed with 21 days of the defendant receiving the plaintiff's initial complaint via certified mail.[6] The plaintiff has not made any valid argument suggesting that discovery cannot be expected to proceed in the normal course, and thus has not made a showing of good cause for conducting expedited discovery.

---

[5] If the Court requests it, the defendants can provide the Court with these e-mails.

[6] The defendants will not address the plaintiff's comments on the viability of the defendants' motion to dismiss.

The plaintiff also seeks the entry of a protective order "to prevent the Defendants from destroying evidence of unauthorized access to student confidential psychiatric information before Plaintiff can fully inspect Defendant's conduct in discovery." See, ECF No. 20, p. 1. Both defense counsel and the defendants are aware of the duty not to destroy documents that may be relevant to the plaintiff's claims. Since the plaintiff has not presented any reason to believe that either defense counsel or the defendants would breach that duty, the plaintiff's request for a protective order should be denied. Furthermore, even if a protective order were needed in this case, the proposed order drafted by the plaintiff is overly broad and not tailored to the issues involved in this case, i.e., the provision of the plaintiff's medical records from Yale Health to defense counsel in connection with claims brought by the plaintiff against Yale University. Rather, the plaintiff seeks to subject "all forms of electronic information in their possession, custody or control," " magnetic and optical media in the possession, custody or control of the Defendants, as well as all cloud-based information or email accounts used by Defendants, and "any back-ups of any electronic media in their possession, custody, or control" to the terms of the protective order. (ECF No. 20, p. 2.) Such an expansive protective order is not necessary when the issues in this case are quite narrow.

### III. Conclusion

Since expedited discovery is not necessary for the plaintiff to identify potential defendants in this action, the plaintiff should not be permitted to proceed with the discovery requests and subpoena attached to his motion at this time. The motion for protective order also should be denied because the plaintiff has made no showing that such an overly broad protective order is necessary at this time.

THE DEFENDANTS,

YALE UNIVERSITY AND YALE HEALTH

By: /s/
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by e-mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan