UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKUB MADEJ | : |
| | : |
| PLAINTIFF | : CIVIL ACTION NO. |
| | : 3:20-cv-00991-JCH |
| v. | : |
| | : |
| YALE UNIVERSITY, ET AL | : |
| | : |
| DEFENDANTS | : |
| | : OCTOBER 6, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS AND MOTION TO STRIKE**

The defendants, Yale University, Yale Health,[1] Patrick M. Noonan, Harold Rose, Caroline Hendel, Paul Genecin, and Lorraine Siggins, have moved to dismiss the plaintiff's Amended Complaint for lack of personal jurisdiction and insufficient service of process because the plaintiff's attempt to serve the defendants via certified mail does not comply with Rule 4 of the Federal Rules of Civil Procedure. In the event that the motion to dismiss is denied, the defendants also move to strike certain allegations pursuant to Rule 12(f) because they are immaterial, impertinent, and/or scandalous. This memorandum of law supports that motion.

**I.     Procedural Background**

In an Amended Complaint dated August 28, 2020, the *pro se* plaintiff asserts claims of fraud, declaratory judgment, fraudulent misrepresentation, violation of the Connecticut Unfair Trade Practices Act, fraudulent inducement, aiding and abetting fraud, civil conspiracy, and negligence in connection with the alleged disclosure of his medical records to defense counsel in

---

[1] It should be noted that Yale Health is part of Yale University; it is not a separate entity. See, Exhibit A attached hereto.

Madej v. Yale University, 3:20-cv-00133-JCH ("Madej I"), after the plaintiff placed his medical treatment at issue in that action.[2] In an Affirmation of Service dated September 11, 2020, Haley Kim states that, on September 2, 2020, she served each defendant with the summons and complaint "by sending true and correct copies of those documents via U.S. certified mail, return receipt requested." (ECF No. 25, ¶ 2; ECF No. 25-1, ¶ 2; ECF No. 25-2, ¶ 2; ECF No. 25-3, ¶ 2.) Also attached to the Affirmation of Service are copies of the certified mail receipts and e-mails from the United States Postal Service regarding proof of delivery.

After receiving the Amended Complaint through the Court's electronic notification system, defense counsel e-mailed the plaintiff on September 2, 2020 to inform him that defense counsel would be representing all of the defendants. Defense counsel also indicated that all of the defendants were willing to waive service and requested that the plaintiff forward the standard waiver of service form. The plaintiff never replied to this e-mail.[3] This was not the first time that defense counsel offered to waive service in this action. When defense counsel learned of the plaintiff's initial complaint while accessing PACER in connection with Madej I, defense counsel contacted the plaintiff to inform him that he had not properly served the defendants.[4] Defense counsel offered to waive service on behalf of Yale University and Yale Health, but the plaintiff

---

[2] It should be noted that, under Connecticut law, consent of the patient is not required for the disclosure of the patient's medical information "by a physician, surgeon or other licensed health care provider against whom a claim has been made, or there is a reasonable belief will be made, in such action or proceeding, to the physician's, surgeon's or other licensed health care provider's attorney or professional liability insurer or such insurer's agent for use in the defense of such action or proceeding…." Conn. Gen. Stat. § 52-146o. Similarly, the regulations governing the Health Insurance Portability and Accountability Act provide that a covered entity is not required to obtain an authorization for the use or disclosure of psychotherapy notes "to defend itself in a legal action or other proceeding brought by the individual." 45 C.F.R. 164.508(a)(2)(i)(c). Thus, Yale University's disclosure of the plaintiff's medical records from Yale Health to defense counsel after the plaintiff placed his medical treatment at issue in Madej I, by filing a motion for temporary restraining order regarding a prescription for medication was in accordance with state and federal law.

[3] A copy of the September 2, 2020 e-mail is attached hereto as Exhibit B.

[4] A copy of the e-mail correspondence between the plaintiff and defense counsel is attached hereto as Exhibit C.

refused, stating that "a waiver of service is discretionary, and never available as a matter of right." (Ex. C, p. 2.) Consequently, Yale University and Yale Health moved to dismiss the complaint for lack of personal jurisdiction and insufficient service of process. (ECF No. 14.) Thereafter, when discussing the service of the amended complaint prior to the filing of that complaint, defense counsel again indicated that he had permission to accept service for the defendants as long as the plaintiff provided the wavier of service form at the same time. (Ex. C, p. 1.). Instead, the plaintiff chose to improperly serve the defendants via certified mail without providing the defendants with a waiver of service form. The plaintiff is familiar with the waiver of service form; defense counsel sent it to the plaintiff when Madej I was initially filed, and the plaintiff avoided the costs of service by utilizing the waiver of service form in that action.

## II.     **Legal Standard**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (Internal quotations omitted.) Dynegy Midstream Servs. V. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006). "[D]espite the liberal construction of Rule 4 and the latitude to be given to pro se plaintiffs, noncompliance with Rule 4 generally warrants dismissal." Cole v. Traveler's Ins. Co., 2000 U.S. Dist. LEXIS 22211 *3 (D.Conn. March 22, 2000) (Droney, J.), citing McGann v. New York, 77 F.3d 672, 674 (2d Cir. 1996); Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972.) "[T]he plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010).

On a motion made by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

**III.     Argument**

    **A.     The Complaint Should Be Dismissed for Failure to Comply with Rule 4(h)(1).**

Rule 4(h)(1) of the Federal Rules of Civil Procedure governs the service of a corporation in a judicial district of the United States and provides that a corporation must be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Since the plaintiff did not serve the corporate defendants in compliance with either Rule 4(h)(1)(A) or (B), the Court lacks jurisdiction over Yale University and Yale Health and the plaintiff's complaint should be dismissed.

        1.     The plaintiff failed to effect service under Rule 4(h)(1)(A).

In order to comply with Rule 4(h)(1)(A), the plaintiff was required to effect service in the manner prescribed by Rule 4(e)(1), which provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Conn. Gen. Stat. § 52-50(a) states: "All process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person."[5] Conn. Gen. Stat. § 52-54 provides: "The service of a writ of summons shall be made by the officer

---

[5] Subsection (b) provides in relevant part: "Process shall not be directed to an indifferent person unless more defendants than one are named in the process and are described to reside in different counties in the state, or unless, in case of a writ of attachment, the plaintiff or one of the plaintiffs, or his or their agent or attorney, makes oath before the authority signing the writ that the affiant truly believes the plaintiff is in danger of losing his debt or demand unless an indifferent person is deputed for the immediate service of the writ or other process." Since all of the defendants are described in the Amended Complaint as residing in New Haven County, subsection (b) does not permit service by an indifferent person.

4

reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode.  When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left."  Conn. Gen. Stat. § 52-57(c) states: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."  The plaintiff's attempt to serve the corporate defendants by having an indifferent person mail the summons and complaint via certified mail does not comply with these statutes.

In Cole v. Travelers Ins. Co., 2000 U.S. Dist. LEXIS 22211 *4 (D.Conn. March 22, 2000) (Droney, J.), the defendants moved to dismiss the plaintiff's complaint, arguing that the plaintiff failed to serve them properly under Rule 4(h)(1) or Conn. Gen. Stat. § 52-57(c).  The *pro se* plaintiff claimed that he properly served the defendants by sending copies of the summons and complaint to them via certified mail with return receipt requested. Judge Droney observed: "[D]espite the liberal construction of Rule 4 and the latitude to be given to pro se plaintiffs, noncompliance with Rule 4 generally warrants dismissal." Id. at *3.  Judge Droney concluded that the plaintiff's failure to serve the defendants' officers or agents personally, or to include waiver of service forms with the copies of the summons and complaint that he mailed to the defendants, was fatal to the plaintiff's attempted service pursuant to Rule 4(h).  Consequently, the district court lacked jurisdiction.  Id. at *4-6.  See also, O'Hara v. MortgageIT, Inc., 2019 U.S. Dist. LEXIS

162967 *23-24 (D.Conn. September 24, 2019) (Shea, J.) (mailing process to business locations of corporate defendants was improper service under federal and state law); Yalincak v. Sherman, 2007 U.S. Dist. LEXIS 76989 *3 (D.Conn. October 17, 2007) (Nevas, J.) ("Under both the federal rules and Connecticut statute, neither an individual nor a corporation may be served by certified mail or by personal service at the individual's place of business or the business's headquarters. *Fed. R. Civ. P. 4(e) & 4(h)*; *Conn. Gen. Stat. § 52-57*."); Howard v. Albertus Magnus College, 2003 Conn.Super. LEXIS 1869 *3 (July 2, 2003) ("Section 52-50 has no provision for service by certified mail.")

In order to comply with Connecticut law, the present plaintiff was required to direct service to a state marshal, constable, or other proper office to serve the corporate defendants via the methods described in Conn. Gen. Stat. § 52-57(c). The plaintiff's attempt to serve the corporate defendants by having an indifferent person mail the summons and complaint via certified mail was insufficient to effect service under Connecticut law. Therefore, the Court lacks jurisdiction over Yale University and Yale Health and the plaintiff's complaint should be dismissed.

    2.    <u>The plaintiff failed to effect service under Rule 4(h)(1)(B).</u>

Rule 4(h)(1)(B) provides that service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." "A plain reading of Rule 4 establishes that service by certified mail is not an approved method for service of process under federal law…." Morris v. N.Y. Gaming Comm'n, 2019 U.S. Dist. LEXIS *7 (W.D.N.Y. March 14, 2019), *adopted*, 2019 U.S. Dist. LEXIS 96848 (W.D.N.Y. June 10, 2019). Since the

plaintiff attempted to serve the corporate defendants by certified mail, service is improper and the Court lacks personal jurisdiction.

In <u>Morris</u>, the *pro se* plaintiff attempted to serve each defendant by certified mail. The defendant moved to dismiss, arguing that service by certified mail was not sufficient under either federal or New York law. <u>Morris v. N.Y. Gaming Comm'n</u>, 2019 U.S. Dist. LEXIS 96848 *5 (W.D.N.Y. June 10, 2019). Since service by certified mail was not an approved method for service of process under federal law, the magistrate judge recommended that the motion to dismiss be granted for insufficient service of process, which recommendation was thereafter adopted. <u>Id.</u> at *7-8.

Similarly, in <u>Jordan v. Forfeiture Support Assocs.</u>, 928 F.Supp.2d 595, 594 (E.D.N.Y. March 5, 2013), the *pro se* plaintiff served the defendant with the summons and complaint via certified mail. To support her argument that she had properly served the defendant, the plaintiff submitted postal receipts verifying that she sent certain unidentified documents to the defendant's office in Virginia via certified mail. Ruling on the defendant's motion to dismiss, the court observed: "[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process." <u>Id.</u> at 595. Accordingly, the court found that the plaintiff's attempts to serve the defendant via certified mail was insufficient. <u>Id.</u> at 596. See also, <u>Terrell v. NBC Universal Media, LLC</u>, 2019 U.S. Dist. LEXIS 118566 (E.D.N.Y. July 16, 2019) (Internal quotations omitted) (dismissing complaint because "[s]ervice of a summons and complaint on a corporation by certified mail does not satisfy the requirements of Rule 4(h)(1)…")

The present plaintiff's attempt to serve the corporate defendants via certified mail is improper under Rule 4(h)(1)(B). Therefore, the Court lacks jurisdiction over Yale University and Yale Health and the plaintiff's complaint should be dismissed.

**B.**     **The Complaint Should Be Dismissed for Failure to Comply with Rule 4(e).**

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process on an individual and provides that an individual must be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Since the plaintiff did not serve the individual defendants in compliance with either Rule 4(e)(1) or (2), the Court lacks jurisdiction over Attorney Noonan, Attorney Rose, Attorney Hendel, Dr. Genecin, and Dr. Siggins and the plaintiff's complaint should be dismissed.

1.     The plaintiff failed to effect service under Rule 4(e)(1).

In order to comply with Rule 4(e)(1), the plaintiff was required to serve the individual defendants in accordance with Connecticut law. Conn. Gen. Stat. § 52-50(a) states: "All process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person."[6] Conn. Gen. Stat. § 52-54 provides: "The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the

---

[6] As noted above, since all of the defendants are described in the Amended Complaint as residing in New Haven County, subsection (b) does not permit service by an indifferent person.

address at which such attested copy was left." Conn. Gen. Stat. § 52-57(a) states: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." The plaintiff's attempt to serve the individual defendants by having an indifferent person mail the summons and complaint via certified mail does not comply with these statutes.

In Peia v. United States Bankr. Courts, 2001 U.S. Dist. LEXIS 14328 (D.Conn. May 22, 2001) (Dorsey, J.), the *pro se* plaintiff mailed, by certified mail return receipt requested, a copy of the summons and complaint to the residence of the individual defendant. A notice of action and request to waive service of process was not included. The district court noted that, as a *pro se* party the plaintiff was entitled to some deference in meeting the pleading requirements. However, that deference did not extend to altering service of process requirements. Id. at *1-2. Since the defendant was an individual, the plaintiff was required to comply with Rule 4(e) to effectuate service. Rule 4(e)(1) allowed for service of process in the same manner Connecticut law provides for service of a summons upon a defendant in an action brought before Connecticut's courts of general jurisdiction. The relevant statues were Conn. Gen. Stat. §§ 52-50 and 52-57. Since an officer did not serve the summons and complaint on the defendant personally or by leaving it at his usual place of abode, the plaintiff's mere mailing a copy of the summons and complaint to the defendant's residence was insufficient. Id. at *4-5. See also, Yalincak v. Sherman, 2007 U.S. Dist. LEXIS 76989 *3 (D.Conn. October 17, 2007) (Nevas, J.) ("Under both the federal rules and Connecticut statute, neither an individual nor a corporation may be served by certified mail or by personal service at the individual's place of business or the business's headquarters. *Fed. R. Civ. P. 4(e) & 4(h)*; *Conn. Gen. Stat. § 52-57*."); Howard v. Albertus Magnus College, 2003

Conn.Super. LEXIS 1869 *3 (July 2, 2003) ("Section 52-50 has no provision for service by certified mail.")

In order to comply with Connecticut law, the present plaintiff was required to direct service to a state marshal, constable, or other proper officer to serve the individuals defendants via the methods described in Conn. Gen. Stat. § 52-54.  The plaintiff's attempt to serve the individual defendants by having an indifferent person mail the summons and complaint via certified mail was insufficient to effect service under Connecticut law.  Therefore, the plaintiff's complaint should be dismissed because the Court lacks jurisdiction over Attorneys Noonan, Rose, and Hendel and Drs. Genecin and Siggins.

### 2. The plaintiff failed to effect service under Rule 4(e)(2).

As noted above, Rule 4(e)(2) provides three methods for effecting service on an individual: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Certified mail is not one of those methods.  See, Peia v. United States Bankr. Courts, 2001 U.S. Dist. LEXIS 14328 (D.Conn. May 22, 2001) (Dorsey, J.) (service of the summons and complaint via certified mail is insufficient under Rule 4(e)(2).)  The plaintiff's attempt to serve the individual defendants by having an indifferent person mail the summons and complaint via certified mail was insufficient to effect service under Rule 4(e)(2).  Therefore, the plaintiff's complaint should be dismissed because the Court lacks jurisdiction over Attorneys Noonan, Rose, and Hendel and Drs. Genecin and Siggins.

### C.      Immaterial, Impertinent, and Scandalous Allegations Should be Stricken.

In the event that the defendants' motion to dismiss the complaint is not granted, the defendants move to strike Paragraphs 41 through 50 and that portion of Paragraph 56 that states "Faced with an unpredictable and rising risk after Ms. Wang's death" from the Amended Complaint because the allegations are immaterial, impertinent, and scandalous. Those paragraphs of the amended complaint describe in great detail the suicide of a Yale student more than five years ago. There is absolutely no reason to believe that this information will be admissible at trial, and the plaintiff should not be allowed to keep that information in his complaint. "Under Rule 12(f), a motion to strike generally requires a showing that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." (Internal quotations omitted.) GEOMC Co. v. Calmare Therapeutics, Inc., 2016 U.S. Dist. LEXIS 144735, at *9 (D.Conn. October 19, 2016) (Bolden, J.)

The plaintiff's claims are based on the disclosure of his medical records to defense counsel in Madej I, after the plaintiff placed his medical treatment at issue by moving for a temporary restraining order in that action seeking to require Yale University to provide the plaintiff with a prescription for medication. The apparent suicide of another student more than five years ago has no bearing on the plaintiff's claims in this action. It is important to note that the plaintiff has not alleged that he suffered from or sought treatment at Yale Health for any suicidal tendencies or ideation. Since the plaintiff's claims are limited to the disclosure of his medical records to defense counsel in another action brought by the plaintiff against Yale University, any evidence concerning another student's apparent suicide would not be admissible at the trial of this action. The only purpose of including the allegations concerning Ms. Wang's death in the Amended Complaint is

11

to engender a bias against Yale University. For these reasons, Paragraphs 41 through 50 and that portion of Paragraph 56 that states "Faced with an unpredictable and rising risk after Ms. Wang's death" should be stricken from the Amended Complaint.

## IV.     Conclusion

By attempting to serve the defendants via certified mail, the plaintiff has failed to comply with Rule 4 of the Federal Rules of Civil Procedure. Therefore, the plaintiff's complaint should be dismissed for lack of personal jurisdiction due to improper service of process. In the event that the motion to dismiss is not granted, Paragraphs 41 through 50 and that portion of Paragraph 56 that states "Faced with an unpredictable and rising risk after Ms. Wang's death" should be stricken from the Amended Complaint because they are immaterial, impertinent, and scandalous.

THE DEFENDANTS,

YALE UNIVERSITY, YALE HEALTH, PATRICK M. NOONAN, HAROLD ROSE, CAROLINE HENDEL, PAUL GENECIN, AND LORRAINE SIGGINS

By:            /s/
PATRICK M. NOONAN – CT00189
COLLEEN NOONAN DAVIS – CT27773
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                         _____/s/_____
                                                                             Patrick M. Noonan