UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:20-cv-991 (JCH) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, et al., | : | |
|     Defendants. | : | JANUARY 20, 2021 |
| | : | |
| | : | |

**RULING ON MOTION TO DISMISS AND MOTION TO STRIKE (DOC. NO. 27)**

## I. INTRODUCTION

Plaintiff, Jakub Madej ("Madej"), proceeding pro se, brings this action against Yale University ("Yale"), several of its employees, and its counsel (collectively, "the defendants"). See Am. Compl. (Doc. No. 16). Before the court is the defendants' Motion to Dismiss the Amended Complaint and Motion to Strike. See Defs.' Mot. to Dismiss and Mot. to Strike ("Defs.' Mot.") (Doc. No. 27). Madej opposes this Motion. See Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss and Mot. to Strike ("Pl.'s Resp.") (Doc. No. 32).

For the reasons explained below, the court grants the defendants' Motion, on the ground that Madej has not effected sufficient service. The Amended Complaint is dismissed without prejudice. The court declines to reach the defendants' request to strike paragraphs from the Amended Complaint.

## II. BACKGROUND

Madej filed his initial Complaint on July 15, 2020. See Compl. (Doc. No. 1). On August 7, 2020, Madej docketed an Affidavit of Service, in which he states that he

served Yale by sending copies of the Summons and Complaint via certified mail.  Aff. of Service (Doc. No. 11) at 1, ¶ 4.  Madej also included a confirmation from the United States Postal Service ("USPS"), reflecting that the package Madej represents contained the Summons and Complaint were signed for upon delivery on August 3, 2020.  Id. at 3.

On August 20, 2020, Attorney Patrick M. Noonan ("Noonan"), who is counsel for the defendants and also a defendant in this case himself, emailed Madej informing Madej that Noonan had learned of the Complaint in the instant case while checking the Public Access to Court Electronic Records system ("PACER") in connection with another lawsuit filed by Madej against Yale.  Ex. C, Mem. of Law in Supp. of Defs.' Mot. to Dismiss and Mot. to Strike ("Noonan-Madej Aug. Emails") (Doc. No. 27-4) at 4.  Noonan also advised Madej that Noonan would be representing the defendants in the current case and that, in Noonan's view, Madej's service of process in connection with the initial Complaint was defective on multiple grounds.  Id.  Noonan offered to waive service, as well as the requirement of sending a Request for Waiver of Service Form, if Madej "agree[d] that [the defendants'] response to the complaint will be due 60 days from today's date."  Id.

On August 23, 2020, Madej emailed Noonan twice.  In the first email, Madej expressed shock that Noonan "considered accepting a representation in a case where you will be the first witness to be deposed."  Id. at 3.  In the second email, Madej stated that "the waiver of service is discretionary, and never available as a matter of right", asserted that "Yale . . . was already served under Rule 4(h)(1)," and asked Noonan to confirm the correct address for serving process on him or to accept service by email.  Id. at 2.  Later that day, Noonan replied to Madej, stating that Madej should only contact

Noonan by email and that Noonan had "already told" Madej that Noonan "will accept service by mail." Id.

On August 24, 2020, the defendants moved to dismiss the initial Complaint. See Mem. of Law in Supp. of Mot. to Dismiss (Doc. No. 14).[1]

On August 25, 2020, Madej emailed Noonan, stating that Madej would "interpret [Noonan's August 23] message to say that [Noonan] will accept service by email" and that Madej would "serve the amended complaint on [Noonan] in this fashion." Noonan-Madej Aug. Emails at 1. Later that day, Noonan replied: "Yes, Jakub. I have permission to accept service for the defendants so long as you provide the waiver of service form at the same time." Id.

On August 28, 2020, Madej filed his Amended Complaint and accompanying exhibits. See Am. Compl.; Exs. (Doc. No. 17). The Amended Complaint asserts claims for fraud, declaratory judgment, fraudulent misrepresentation, violations of the Connecticut Unfair Trade Practices Act, fraudulent inducement, aiding and abetting fraud, civil conspiracy, and negligence against Yale, several of its employees, and its counsel. See Am. Compl. ¶¶ 79-173.

On September 2, 2020, Noonan emailed Madej, informing Madej that Noonan "ha[d] [Madej's] amended complaint" and would be "representing all defendants." Ex. B, Mem. of Law in Supp. of Defs.' Mot. to Dismiss and Mot. to Strike ("Noonan Sept.

---

[1] The court terminates the defendants' prior Motion to Dismiss (Doc. No. 14) as moot, in light of the Amended Complaint and the defendants' Motion to Dismiss the Amended Complaint.

Email") (Doc. No. 27-3) at 1.  Additionally, Noonan made the following offer to waive service:

> All defendants are willing to waive service in order to spare you the cost; all you need to do is forward the standard waiver of service form.  If you do not have easy access to the form, I'd be happy to supply it.

Id.  Is not clear whether Madej responded to this message.

On September 16, 2020, Madej docketed several Affirmations of Service concerning service of the Summons and Amended Complaint.  See Affirmations of Service (Docs. Nos. 25, 25-1, 25-2, 25-3).  Each Affirmation states that it was completed by an individual named Haley Kim ("Kim") and declares that Kim "served the summons and complaint in the above-captioned action . . . by sending true and correct copies of those documents via U.S. certified mail, return receipt requested" to the defendants' Connecticut addresses.  Id. at 1, ¶ 2 (Docs. Nos. 25, 25-1, 25-2, 25-3).  Each Affirmation also states that "a delivery contractor with United States Postal Service completed the service by delivering the summons and complaint to the defendant."  Id. at 1, ¶ 3 (Docs. Nos. 25, 25-1, 25-2, 25-3).  Both an electronic certified mail receipt and a scanned copy of a physical, signed certified mail receipt are included with each Affirmation.  Id. at 3-4 (Docs. Nos. 25, 25-1, 25-2, 25-3).

On October 6, 2020, the defendants moved to dismiss the Amended Complaint for insufficient service of process.  See Defs.' Mot.  In an accompanying Memorandum, the defendants argue that Madej's attempts to serve them with the Amended Complaint are defective under several provisions of Federal Rule of Civil Procedure 4.  Mem. of Law in Supp. of Defs.' Mot. to Dismiss and Mot. to Strike ("Defs.' Mem.") (Doc. No. 27-1) at 4-10. The defendants also seek, in the alternative, to strike portions of the

Amended Complaint.  Id. at 11-12.  Madej filed a Response opposing the defendants' Motion on October 27, 2020.  See Pl.'s Resp.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss a complaint based on inadequate service.[2]  Fed. R. Civ. P. 12(b)(5).  "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (citation omitted).[3]  "To determine whether service has been satisfied, the court is permitted to look beyond the complaint."  See Founders Ins. Co. v. Cuz DHS, LLC, No. 3:17-CV-1476 (JCH), 2017 WL 5892194, at *3 (D. Conn. Nov. 28, 2017); George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) ("In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look to

---

[2] The defendants represent in their Motion that they seek dismissal pursuant to both Rule 12(b)(2) and 12(b)(5), but their Memorandum includes arguments for dismissal based only on insufficient process.  Compare Defs.' Mot. at 1 and Defs.' Mem. at 4-10.  "Motions challenging the sufficiency of service of process are properly made under Rule 12(b)(5), not Rule 12(b)(2)."  See Koulkina v. City of New York, 559 F. Supp. 2d 300, 310 n.9 (S.D.N.Y. 2008); see also Charles A. Wright & Arthur R. Miller, 5B Federal Practice & Procedure § 1353, at 334 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.").  Accordingly, the court treats the defendants' Motion as seeking dismissal under Rule 12(b)(5) only.

[3] Madej argues that Dickerson does not control.  Pl.'s Resp. at 10-12.  The court understands Dickerson, as a published decision of the Second Circuit, to be controlling in this case.  The court acknowledges that Dickerson relied on Burda Media, Inc. v. Viertel, 417 F.3d 292 (2d. Cir. 2005), for the proposition that a plaintiff bears the burden of demonstrating proper service of process once a Rule 12 (b)(5) motion has been filed.  Dickerson, 604 F.3d at 752 (quoting Burda Media, Inc., 417 F.3d at 298).  The court recognizes further that Burda Media did not address this issue squarely and relied, without elaboration, on a decision by the Southern District of New York.  See Burda Media, Inc., 417 F.3d at 298 (citing Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)).  Nevertheless, even if Dickerson were not controlling, the court would follow it as persuasive authority, because it is a plaintiff's responsibility to effect proper service.  See Fed. R. Civ. P. 4(c)(1).  Moreover, because this Ruling turns on a pure question of law--whether "delivering", as that term is used in Rule 4, includes sending documents by mail, see infra at 6--the court would still grant the defendants' Motion, even if they bear the burden of disproving adequate service.

5

matters outside the complaint determine whether it has jurisdiction." (citation and brackets omitted)).

## IV. DISCUSSION

The parties' arguments in connection with the defendants' Motion to Dismiss boil down to whether "delivering", as that word is used in Federal Rule of Civil Procedure 4, encompasses sending documents by certified mail. Because it does not, the court grants the defendants' Motion to Dismiss.

Rule 4(c)(1) specifies that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(e) governs service of individuals within judicial districts of the United States; Rule 4(h)(1) governs service of corporations, partnerships, or associations within judicial districts of the United States. Id. (e), (h)(1).

Under Rule 4(e), a plaintiff may serve an individual defendant using any of four methods. First, a plaintiff may make service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id. (e)(1). Second, a plaintiff may "deliver[ ] a copy of the summons and of the complaint to the individual personally." Id. (e)(2)(A). Third, a plaintiff may "leav[e] a copy of each [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Id. (e)(2)(B). Fourth, a plaintiff may "deliver[ ] a copy of each to an agent authorized by appointment or by law to receive service of process." Id. (e)(2)(C).

Under Rule 4(h)(1), a plaintiff may serve a corporation by either of two methods. First, a plaintiff may make service "in the manner prescribed by Rule 4(e)(1)," that is, in accordance with state law.  Id. (h)(1)(A).  Second, a plaintiff may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Id. (h)(1)(B) (emphasis added).

Rule 4(m) imposes a time limit for service.  Under this provision, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. (m).  Rule 4(m) also requires a court to "extend the time for service for an appropriate" if "the plaintiff shows good cause for the failure" to serve within the time limit.  Id.  "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." McEachern v. ADT, LLC., No. 3:18-CV-1311 (AWT), 2020 WL 3105530, at *2 (D. Conn. Jan. 31, 2020) (citation omitted).  It is typically "found only in 'exceptional' situations where the plaintiff's failure is due to 'circumstances beyond its control.'" Darowski v. Wojewoda, No. 3:15-CV-0803 (MPS), 2016 WL 4179840, at *3 (D. Conn. Aug. 7, 2016) (citation omitted).  Even in the absence of good cause, however, a district court has discretion to grant extensions of

time to effect proper service.  See Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).

Rule 4(d) permits a plaintiff to request a waiver of service from a defendant, as an alternative to making service via the methods described above.  Fed. R. Civ. P. 4(d). In doing so, Rule 4(d) provides a mechanism for "avoid[ing] unnecessary expenses of serving the summons."  Id. (d)(1).  If a plaintiff chooses to request a waiver of service from a defendant, the plaintiff must provide the defendant with a notice and request.  Id. The notice and request "must" meet several requirements, including that they must be "accompanied by a copy of the complaint [and] 2 copies of the waiver form," and that they must "be sent by first-class mail or other reliable means."  Id.  Under Rule 4(d)(3), "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of United States."  Id. (d)(3).

As explained above, Rule 4(e) and 4(h) permit a plaintiff to make service in accordance with the law of "the state where the district court is located or where service is made."  Id. (e)(1), (h)(1)(A).  Section 52-57(a) of the Connecticut General Statutes mandates that, "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."  Conn. Gen. Stat. § 52-57(a).  Section 52-57(c) requires further that, "[i]n actions against a private corporation, service of process shall be made" only upon certain corporate agents.  Conn. Gen. Stat. § 52-57(c).

"The clear impact of [section] 52-57(a) is that one of its two alternatives, personal or abode service, must be followed except as otherwise provided in the General Statutes." Hibner v. Bruening, 78 Conn. App. 456, 460 (2003). Apart from exceptions for serving Connecticut partnerships and voluntary associations via the Connecticut Secretary of State and for serving individuals in connection with certain child-support actions, section 52-57 does not permit service by certified mail. See Colon v McFadden, No. NNHCV106014203, 2010 WL 5672750, at *3 (Conn. Sup. Ct. Dec. 29, 2010).

Here, Madej docketed Affirmations of Service purporting to show that Kim served the defendants by sending them copies of the Summons and Amended Complaint "via U.S. certified mail, return receipt requested" to addresses in Connecticut. Affirmation of Service (Docs. Nos. 25, 25-1, 25-2, 25-3) at 1, ¶ 2. As noted above, each Affirmation also states that "a delivery contractor with United States Postal Service completed the service by delivering the summons and complaint to the defendant." Id. at 1, ¶ 3 (Docs. Nos. 25, 25-1, 25-2, 25-3).

In his Response to the defendants' Motion, Madej argues that "[s]ervice in this case, whether by mail or not, was personal within the meaning of Rule 4(e)(2)(A)--that is, the initiating papers were delivered to the person identified in the summons." Pl.'s Resp. at 13. According to Madej, "[w]hether this was accomplished by a traditional process server, which Rule 4 does not explicitly provide for any case, or a postal contractor is irrelevant." Id.

This creative interpretation of Rule 4 flies in the face of the structure of Rule 4. If service by mail were sufficient, there would be no need for Rule 4(d) to permit a plaintiff

9

to request a waiver of service via mail so as "to avoid unnecessary expenses of serving the summons." See Fed. R. Civ. P. 4(d)(1)(G).  Additionally, Rule 4(h)(1)(B), which permits service on a corporation "by delivering a copy of the summons and of the complaint to [certain officers or agents] . . . and--if the agent is one authorized by statute and the statute so requires--<u>by also mailing a copy</u> of each to the defendant" bolsters the court's conclusion that Rule 4 does not use the terms "delivering" and "mailing" interchangeably.  See <u>id.</u> 4(h)(1)(B).  Thus, "[a] plain reading of Rule 4 establishes that service by certified mail is not an approved method for service of process under federal law."  <u>Morris v. N.Y. Gaming Comm'n</u>, No. 18-CV-384V(F), 2019 WL 2423716, at *3 (W.D.N.Y. Mar. 14, 2019) (report and recommendation), <u>report adopted</u>, No. 18-CV-384, 2019 WL 2423203 (W.D.N.Y. June 10, 2019), (citing <u>DiMarco Constructors, LLC v. Sinacola, Inc.</u>, 407 F. Supp. 2d 442, 444 n.1 (W.D.N.Y. 2006)).

     Madej has not demonstrated any "'exceptional' situation[ ] where [his] failure is due to 'circumstances beyond [his] control,'" such that a finding of good cause under Rule 4(m) would be appropriate.  See <u>Darowski</u>, 2016 WL 4179840, at *3 (citation omitted).  In fact, Noonan promptly alerted Madej to the defects in Madej's attempts to make service and explained the requirements of Rule 4 in some detail.  See Noonan-Madej Aug. Emails at 4; Noonan Sept. Email at 1. However, given Madej's <u>pro se</u> status and the apparent absence of a published opinion in this District or by the Second Circuit expressly confirming what is otherwise plain from the text of Rule 4--that Rule 4 does not authorize service by mail, unless otherwise authorized by state law--the court exercises its discretion to grant Madej an extension of thirty (30) days from the

docketing of this Ruling to serve the defendants properly or secure waivers of service.  See Zapata, 502 F.3d at 196.

Therefore, the court grants the defendants' Motion and dismisses the Amended Complaint without prejudice to refiling with proof of proper service or waivers of service within thirty (30) days of the docketing of this Ruling.  The court declines to reach the defendants' request to strike portions of the Amended Complaint at this time.

## V.    CONCLUSION

For the reasons discussed above, the court grants the defendants' Motion to Dismiss (Doc. No. 27).  The Amended Complaint is dismissed without prejudice to refiling with proof of proper service or waivers of service within thirty (30) days.  The court reminds Madej that Federal Rule of Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  The defendants' previous Motion to Dismiss (Doc. No. 14) is terminated as moot.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated this 20th day of January 2021, at New Haven, Connecticut.

                                         /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge