IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAKUB MADEJ, | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:20-cv-991 (JCH) |
| YALE UNIVERSITY ET AL., | : | |
|     Defendants. | : | JANUARY 22, 2021 |

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING ON MOTION TO DISMISS AND MOTION TO STRIKE (DOC. NO. 35)**

Plaintiff Jakub Madej respectfully moves, pursuant to Local Rule 7(c), for reconsideration of the Court's January 20, 2021 ruling dismissing this action without prejudice for ineffective service of process under Fed. R. Civ. P. 12(b)(5). (Doc. No. 35) (hereinafter the "Ruling").

Motion for reconsideration should be granted if, in its initial decision, the Court overlooked "controlling … data … that might reasonably be expected to alter the conclusion[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Under Federal Rule of Civil Procedure 4(e)(2)(A), service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally". Fed. R. Civ. P. 4(e)(2)(A). Here, the Court overlooked what the record unambiguously demonstrates: that (1) a copy of the summons and of the complaint was delivered to each individual defendant personally, and that (2) each individual defendant confirmed the receipt of process with their signature. See Doc. Nos. 25, at 4; 25-1, at 4; 25-2, at 4-5; 25-3, at 4. The attached certificates of service even indicate the precise time, up to the minute, when each defendant accepted process. Id.

Notably, Defendants do not deny accepting service. And no defendant disputes that they affirmed the receipt of process with their signature.

The Court's Ruling did not analyze or find whether service of process in this case was accomplished under Rule 4(e)(2)(A). This Motion points to specific exhibits in the record demonstrating that such service was, in fact, accomplished.

The Court's Ruling focused on the propriety of service by certified mail, holding that "delivery" within the meaning of Federal Rule of Civil Procedure 4 does not "encompass[] sending documents by certified mail." (Ruling, at 6.). But the dispute over service in this case is not whether it was performed by "certified mail" – but whether it was accomplished "personally". Under the current record, there is no doubt that each individual defendant was served with process personally. This is all that Rule 4(e)(2)(A) requires.

WHEREFORE, Plaintiff prays that the Court reconsider its Ruling and find that service on all individual defendants was accomplished under Federal Rule 4(e)(2)(A).

Dated: January 22, 2021

    **THE PLAINTIFF,**
    **JAKUB MADEJ**

By: /s/ Jakub J. Madej
    Jakub Madej
    415 Boston Post Rd Ste 3-1102
    Milford, CT 06460
    T: (203) 928-8486
    F: (203) 902-0070
    E: j.madej@lawsheet.com