**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JAKUB MADEJ | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:20-cv-991 (JCH) |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, et al., | : | |
|     Defendants. | : | JANUARY 25, 2021 |
| | : | |
| | : | |

**RULING ON MOTION TO RECONSIDER (DOC. NO. 37)**

Plaintiff, Jakub Madej ("Madej"), proceeding pro se, has moved the court to reconsider the court's Ruling (Doc. No. 35), issued on January 20, 2021. See Pl.'s Mot. to Reconsider the Court's Ruling on Mot. to Dismiss and Mot. to Strike ("Pl.'s Recons. Mot.") (Doc. No. 37).  In that Ruling, the court granted the defendants' Motion to Dismiss (Doc. No. 27), pursuant to Federal Rule of Civil Procedure 12(b)(5), because Madej failed to effect proper service of his Amended Complaint.  Ruling ("Jan. 20 Ruling") (Doc. No. 35) at 11.  Specifically, the court explained in its Ruling that Federal Rule of Civil Procedure 4 does not permit a plaintiff to effect service via certified mail unless otherwise authorized by state law, and that Connecticut law does not permit service by mail, apart from exceptions absent in this case. Id. at 6-11.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(c)

("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."); D. Conn. L. Cr. R. 1(c) (stating that Local Civil Rule 7(c) "shall apply in criminal proceedings").

In his Motion to Reconsider, Madej argues that the court overlooked Federal Rule of Civil Procedure 4(e)(2)(A), which authorizes service by "delivering a copy of the summons and of the complaint to the individual personally", Fed. R. Civ. P. 4(e)(2)(A), and that service can be made under this provision by sending copies of a summons and complaint via certified mail, Pl.'s Recons. Mot. at 1-2.  Madej is incorrect.  As the court explained in its prior Ruling, "'delivering', as that word is used in Federal Rule of Civil Procedure 4 . . . does not" "encompass[ ] sending documents via certified mail." Jan. 20 Ruling at 6.  Rule 4(e)(2)(A) is a part of Rule 4.  Fed. R. Civ. P. 4(e)(2)(A).  Therefore, Madej has failed to meet the strict standard for reconsideration.

The court denies Madej's Motion to Reconsider (Doc. No. 37).

**SO ORDERED.**

Dated this 25th day of January 2021, at New Haven, Connecticut.

          /s/ Janet C. Hall\_
Janet C. Hall
United States District Judge